[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13921
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20963-DPG

M.D. ROBERT JOSEPH SARHAN,

Plaintiff-Appellant,

versus

MIAMI DADE COLLEGE,
THE BOARD OF TRUSTEES MIAMI DADE COLLEGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2020)

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Robert Sarhan, an adjunct professor at Miami-Dade College, filed several complaints in the underlying case against the College's Board of Trustees, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a). Each of Sarhan's complaints was dismissed by the district court as a shotgun pleading. Now, proceeding *pro se*, he ostensibly appeals the district court's order dismissing his fourth amended complaint with prejudice as a shotgun pleading and makes a series of unrelated arguments regarding the discovery that was permitted in this case. We affirm. Sarhan's arguments concerning discovery lack merit and he has abandoned the shotgun-pleading issue—but even if we proceeded to consider this argument on the merits, we conclude that the district court did not abuse its discretion in dismissing his complaint as a shotgun pleading.

On March 16, 2016, Sarhan filed a complaint against Miami-Dade College, his employer, alleging that the College had engaged in racially discriminatory hiring practices by preferentially hiring Hispanic applicants for its physician-assistant program. The College moved to dismiss the complaint for failure to state a claim. Sarhan filed an amended complaint, which ostensibly contained four counts—each of which mechanically incorporated and re-alleged the allegations of all previous counts. The College again moved to dismiss Sarhan's complaint for failure to state a claim. The district court granted the College's motion without

2

prejudice, informing Sarhan that he had filed a shotgun pleading, explaining what a shotgun pleading was, and ordering him to file a second amended complaint.

Sarhan's second amended complaint proved no better—again, each of his counts incorporated and realleged the allegations of previous complaints. The College again moved to dismiss his complaint, and he filed a third amended complaint, which was no different. The College *again* moved to dismiss Sarhan's complaint. In opposition to the College's motion, he did not rebut the argument that his complaint was a shotgun pleading, instead arguing that his *pro se* complaint should be liberally construed and that Rule 8 of the Federal Rules of Civil Procedure only required a "short and plain statement of the claim." The district court granted the College's motion to dismiss, but without prejudice. It again advised Sarhan of his complaint's infirmities and informed him that failure to comply with the Federal Rules of Civil Procedure or the court's orders would result in dismissal without prejudice.

Accordingly, Sarhan filed a fourth amended complaint. Once again, it contained counts that incorporated and re-alleged the counts that came before them. The College moved to dismiss the complaint. Sarhan argued that the College's response to his discovery requests had been insufficient, and that without adequate responses, he could not file a complaint that complied with the court's requirements. The district court granted the motion with prejudice. It explained

3

that it had twice explained to Sarhan the issue with his complaints and warned him that his noncompliance would result in dismissal. The court concluded that Sarhan's fourth amended complaint was also a shotgun pleading—though he had potentially stated a *prima facie* claim, the shotgun nature of his complaint had failed to give adequate notice of the claims and the grounds on which they rested. Sarhan timely appealed to us.

We review the dismissal of a complaint as a shotgun pleading for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). We also review the district court's dismissal of a complaint for failure to comply with the rules of the court for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Though we liberally construe pleadings from *pro se* litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). As is the case for represented parties, if a *pro se* party fails to brief an issue on appeal, it is deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2009). To avoid abandonment, parties must plainly and prominently identify the issues or claims that they seek to raise on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Shotgun pleadings violate Fed. R. Civ. P. 8's requirement that a complaint contain a short and plain statement of the claim, and courts in this Circuit "have

4

little tolerance for shotgun pleadings." *Vibe Micro*, 878 F.3d at 1294–95.  Shotgun

pleadings include complaints that: (1) "contain multiple counts where each count

adopts the allegations of all preceding counts"; (2) do not re-allege all the

proceeding counts but are "replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action"; (3) do not separate each

cause of action or claim for relief into separate counts; or (4) in a multi-defendant

action, contain counts that present a claim for relief without specifying which

defendants the claim is brought against.  *Weiland v. Palm Beach Cty. Sheriff's

Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

District courts have the inherent authority to dismiss a complaint on

shotgun-pleading grounds.  *Vibe Micro*, 878 F.3d at 1295.  However, district courts

must first *sua sponte* allow litigants one chance to remedy those deficiencies.  *Id.*

If "the plaintiff fails to comply with the court's order—by filing a repleader with

the same deficiency—the court should strike his pleading or, depending on the

circumstances, dismiss his case and consider the imposition of monetary

sanctions."  *Id.*  (quotation omitted).

"[D]ismissal upon disregard of an order, especially where the litigant has

been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863

F.2d 835, 837 (11th Cir. 1989) (addressing a dismissal for failure to comply with a

discovery order).  Dismissal with prejudice may be imposed where "(1) a party

5

engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1338 (quotation marks omitted). A finding that lesser sanctions would not suffice may be implicit in the court's order. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

In this case, we conclude that Sarhan has abandoned the main issue of this appeal—that is, whether his fourth amended complaint was a shotgun pleading. Though he ostensibly appealed from the district court's dismissal of his complaint as a shotgun pleading, his arguments on appeal focus on a series of claims regarding the discovery that took place in this case.[1] As we understand Sarhan's argument, it is essentially the argument he made in opposition to the College's motion to dismiss his fourth amended complaint—that the College had not complied with his discovery requests and that he was unable to draft a complaint that complied with the district court's orders because of these discovery violations. We note that, even if we agreed with Sarhan that the College committed discovery failures, such failures do not otherwise cure or excuse a shotgun pleading.[2]

---

[1] To that effect, he moves us to strike the College's response brief for its alleged failure to comply with his discovery requests. We **DENY** Sarhan's motion.

[2] Rather than file deficient complaints, if Sarhan was concerned about the College's responses to his discovery requests, the appropriate course of action would have been to seek an order from the district court to compel discovery from the College. Fed. R. Civ. P. 37(a).

Moreover, the problem with his complaint was that he structured it as a shotgun pleading—not that his allegations were insufficient—so it is unlikely that discovery would have helped him. In any event, motions to dismiss based on challenges to the face of the complaint are resolved *before* discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Even if Sarhan had not abandoned the issue on appeal, however, we conclude that the district court did not abuse its discretion in dismissing his complaint as a shotgun pleading. It is clear from the record that Sarhan's fourth amended complaint was a shotgun pleading[3] and that he proved obstinate to reforming it, or any of his other amended complaints, in a manner that complied with both the Rules of Civil Procedure and the district court's orders. The district court provided him with ample warning of his complaints' deficiencies and repeatedly gave him the opportunity to address the deficiencies. He chose not to do so. Accordingly, the district court did not abuse its discretion in dismissing the fourth amended complaint with prejudice.

**AFFIRMED.**

---

[3] The counts in Sarhan's fourth amended complaint incorporated and realleged all of the preceding paragraphs, including the ones that were part of preceding counts. This is the very definition of a shotgun pleading.

7